**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTIRCT OF TENNESSEE**
**AT KNOXVILLE**

| | | |
|---|---|---|
| **LARRY HENDERSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 3:25-cv-56** |
| | ) | **JURY DEMANDED** |
| **JOSH EDWARDS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## AMENDED COMPLAINT

Comes the Plaintiff, Larry Henderson, by and through counsel, and sues the Defendant, Josh Edwards pursuant to 42 USC § 1983 and state law, for compensatory and punitive damages in an amount to be proven at trial, and for his cause of action claims and alleges as follows:

1. The Plaintiff, Larry Henderson, is a citizen and resident of Anderson County, Tennessee.

2. The Defendant, Josh Edwards, is a citizen and resident of Anderson County, Tennessee. He is sued individually.

3. On February 9, 2024, Plaintiff requested emergency intervention from law enforcement telephonically as a result of physical threats made against Plaintiff by Plaintiff's stepson. This is not the first time Plaintiff had requested emergency assistance concerning the same as a result of the conduct of his stepson. Plaintiff's stepson had previously and repeatedly threatened to physically harm Plaintiff in the past and this was known to Defendant and all members of the City of Oak Ridge Police Department.

4. Plaintiff's request was responded to by Defendant and another officer. Plaintiff met Defendant outside of his home, and again explained the situation and requested intervention.

Defendant ignored Plaintiff. Instead, Defendant falsely arrested and charged Plaintiff with aggravated assault; Tenn. Code Ann. § 39-13-102, and transported Plaintiff to the Roane County Jail. Defendant claimed Plaintiff threatened his stepson with serious bodily injury and attempted to justify the arrest on that basis. Yet, not only did Plaintiff deny acting untoward to his stepson in any way, no basis, much less probable cause, existed to arrest Plaintiff for aggravated assault or other offense.

5. At all times material herein, no reasonable officer in Defendant's position could have believed probable cause existed to arrest Plaintiff for aggravated assault or any other offense. Accordingly, Defendant's arrest of the Plaintiff violated Plaintiff's clearly established federal constitutional rights.

6. Plaintiff was seventy-one (71) years old at the time of arrest and physically disabled. The court assigned to hear Plaintiff's charges dismissed the charges lodged by Defendant against Plaintiff on March 12, 2024 after Defendant failed to appear in court to prosecute Plaintiff.

7. Plaintiff avers that Defendant violated Plaintiff's clearly-established federal constitutional rights to be free from arrest without probable cause. The Plaintiff also avers that the Defendant violated Plaintiff's clearly-established federal constitutional right to be free from malicious prosecution. Plaintiff avers that Defendant is also liable under the common law of the State of Tennessee for the torts of false arrest and malicious prosecution. As a direct result of Defendant's unlawful arrest and prosecution of the Plaintiff, Plaintiff was arrested, charged, incarcerated, prosecuted, and forced out of his home suffering both physical and emotional distress, pain and suffering, and other attendant damages.

WHEREFORE, Larry Henderson, demands judgment against Defendant Josh Edwards for compensatory and punitive damages in an amount to be proven at trial, the cost of this cause, both

discretionary and otherwise, attorney fees and costs in accordance with 42 U.S.C. § 1988, and further demands a jury to try this cause.

Respectfully submitted this 4th day of November, 2025.

LAW OFFICE OF ARTHUR F. KNIGHT, III

*s/Arthur F. Knight, III*
Arthur F. Knight, III, BPR #016178
Law Office of Arthur F. Knight, III
3248 Tazewell Pike, Suite 103
Knoxville, TN 37918
P: (865) 252-0430
art@artknightlaw.com
*Attorney for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on November 4, 2025, a copy of the foregoing Amended Complaint was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. Mail. Parties may access this filing through the Court's electronic filing system.

*/s/ Arthur F. Knight, III*
Arthur F. Knight, III